IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FRONTO KING, LLC,<br><br>   Plaintiff,<br><br>v.<br><br>FIVE A TRADING, INC. d/b/a A to Z Wholesale, and NEW GENERATION IMPORTS, LLC d/b/a Pure Fronto,<br><br>   Defendants. | CIVIL ACTION FILE<br><br>No. 1:15-cv-1668-TCB |

# **O R D E R**

This case comes before the Court on Defendant Five A Trading, Inc.'s amended motion for summary judgment [51] on the claims brought against it by Plaintiff Fronto King, LLC.

## I.   Background

The facts properly before the Court are few.[1] Plaintiff Fronto King, LLC promotes, distributes, and sells packaged tobacco leaves

---

[1] Local Rule 56.1(B) requires litigants to file statements of material facts in support of and in opposition to a motion for summary judgment. The rule sets forth specific requirements as to the format of those statements, and it expressly cautions that facts set forth only in a party's brief will not be considered by the Court. Compliance with this rule is "the only permissible way" for the parties to shoulder

using the mark "Fronto King" and a related logo. The United States Patent and Trademark Office ("PTO") issued a federal trademark registration for the "Fronto King" mark in 2009 and declared that mark incontestable in 2015. Fronto King received a federal trademark registration for its logo in 2012.

For a period of time beginning in or prior to 2013, Five A was a distributor of Fronto King products, which Five A would purchase and resell to its customers, such as gas stations and convenience stores. At some point, Five A—allegedly in conjunction with Defendant New Generation Imports, LLC, which has never appeared in this case— began to sell packaged tobacco leaves under the allegedly infringing mark "Pure Fronto." The parties' marks are shown below:

---

their respective burdens at the summary judgment stage. *Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008). In this case, the Court previously advised the parties of the need to comply with this rule, *see* [50], but they filed briefs that are replete with factual assertions not contained in their statements of material facts. Indeed, their statements of facts contain only fifteen paragraphs between them. For purposes of resolving the motion, the Court has considered only those facts that are (1) properly set forth in the parties' statement of facts and supported by the record, or (2) indispensible to an understanding of this case and plainly undisputed from the record, though omitted from the parties' sparse statements of facts (e.g., the marks and products at issue).

 

In April 2014, Fronto King filed a prior lawsuit against Five A in the Superior Court of DeKalb County alleging, among other things, that Five A had breached its supply agreement. The state court lawsuit proceeded to a bench trial on June 1, 2015, and on June 3 the judge entered a final order finding that Five A breached its contract with Fronto King. The $12,550 judgment in favor of Fronto King was eventually satisfied via garnishment of Five A's bank account.

In May 2015, before the state court lawsuit was resolved, Fronto King filed the instant action for trademark infringement (count one) and false designation of origin and unfair competition (count two) in violation of the Lanham Act, 15 U.S.C. §§ 1114 & 1125; trademark

infringement under Georgia law (count three); and violation of Georgia's Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-372 (count four). Five A now moves for summary judgment on all four claims.

## II.  Analysis

### A.  Legal Standard on a Motion for Summary Judgment

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). There is a "genuine" dispute as to a material fact if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The initial burden is on the defendant to show there is either affirmative evidence demonstrating that the plaintiff will be unable to prove his case at trial or an absence of evidence to support the plaintiff's case. *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1438 (11th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986)).

In resolving a motion for summary judgment, "a court may not weigh conflicting evidence or make credibility determinations of its

own." *FindWhat Investor Grp. v. FindWhat.com*, 658 F.3d 1282, 1307 (11th Cir. 2011). Instead, the court must "view all of the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Id.*

### A. The State Court Lawsuit Precludes Fronto King's State-Law Claims to the Extent They Arise from Conduct Occurring Before June 3, 2015

Five A first moves for summary judgment on counts three and four of Fronto King's complaint, which as noted above assert claims under Georgia law for trademark infringement and deceptive trade practices, respectively. Five A argues that these claims are barred by res judicata and/or collateral estoppel by virtue of the prior lawsuit between the parties in the Superior Court of DeKalb County.

In response, Fronto King does not dispute the preclusive effect of the prior litigation with respect to any conduct occurring prior to the date that lawsuit was resolved, but it argues that the prior lawsuit cannot preclude claims arising from acts occurring after June 3, 2015, the date of the final judgment in the state court case. Five A did not

respond to Fronto King's argument in this regard, and the Court finds it meritorious.

The purpose of res judicata and collateral estoppel is to "prevent[] the relitigation of issues and claims already decided," and a court could not have decided issues or claims based on facts occurring after judgment was entered. *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1263 (11th Cir. 2011). Thus, "courts consistently have refused to apply res judicata to preclude a second suit that is based on a claim that *could not have been asserted* in the first suit." *Maldonado v. U.S. Attorney Gen.*, 664 F.3d 1369, 1379–80 (11th Cir. 2011); *see also Kilgoar v. Colbert Cty. Bd. of Educ.*, 578 F.2d 1033, 1035 (5th Cir. 1978) ("Subsequent conduct, even if it is of the same nature as the conduct complained of in a prior lawsuit, may give rise to an entirely separate cause of action."); *Dow Chem. Co. v. Nova Chems. Corp. (Canada)*, 803 F.3d 620, 627 (Fed. Cir. 2015) (holding that claim preclusion did not apply to new acts of patent infringement, even if those acts involved the same products that were the subject of a prior lawsuit).

The critical question for purposes of resolving Five A's amended motion for summary judgment therefore is whether Fronto King's state-law claims are based on conduct occurring before June 3, 2015 or after that date. The precise conduct giving rise to each claim in Fronto King's complaint is difficult to discern. The complaint bears "the hallmark of [a] shotgun pleading" in that each cause of action incorporates by reference all the preceding paragraphs, making it "'virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *Regenicin, Inc. v. Lonza Walkersville, Inc.*, 997 F. Supp. 2d 1304, 1313 (N.D. Ga. 2014) (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)).

Fronto King filed the instant lawsuit in May 2015, before the superior court litigation had been resolved. As a result, all the specific factual averments contained in its complaint necessarily pre-date June 3, 2015—many expressly so. *See, e.g.*, [1] at ¶¶ 24 (allegations relating to November 2013 conduct), 29–30 (allegations relating to December 2013 conduct). But the complaint also alleges continuing violations by Five A. *See, e.g., id.* at ¶¶ 34 ("Defendants continue to use the

7

Infringing Mark on products similar to Plaintiff's"), 54 (referring to "Defendants['] continued use of the Infringing Mark and misuse of Plaintiff's Marks"). Thus, the Court cannot say as a matter of law that none of the facts giving rise to counts three and four could have occurred after June 3, 2015.

Accordingly, the Court will grant in part and deny in part Five A's motion for summary judgment as to the state-law claims. The motion is granted insofar as either of those claims is or could be construed to be based on conduct occurring on or prior to June 3, 2015, but it is denied—and those counts may proceed—with respect to conduct occurring after that date.

## II.    Fronto King's Lanham Act Claims

Five A next moves for summary judgment on Fronto King's claims under the Lanham Act for trademark infringement in violation of 15 U.S.C. § 1114 (count one) and false designation of origin and unfair competition in violation of § 1125 (count two).

### A.   Infringement Under § 1114

The "critical question" in a claim for trademark infringement under § 1114 "is whether there is a likelihood of confusion, mistake, or deception between the registered mark and the allegedly infringing mark." *John H. Harland Co. v. Clarke Checks, Inc.*, 711 F.2d 966, 972 (11th Cir. 1983). In this circuit, courts analyze seven factors to determine whether a likelihood of confusion exists. *See Aronowitz v. Health-Chem Corp.*, 513 F.3d 1229, 1239 (11th Cir. 2008).

The first factor is the type of mark, that is, whether the plaintiff's mark is categorized as generic (and entitled to little or no protection), descriptive, suggestive, or arbitrary (and entitled to the most protection). *Id.*; *Frehling Enters., Inc. v. Int'l Select Grp., Inc.*, 192 F.3d 1330, 1335–36 (11th Cir. 1999). Five A contends that Fronto King's marks are generic, but as Fronto King correctly points out, Five A's analysis focuses entirely on the word "fronto," not the entirety of the mark "Fronto King." *See Ewe Grp., Inc. v. Bread Store, LLC*, 54 F. Supp. 3d 1343, 1349 (N.D. Ga. 2014) ("The strength and validity of a mark is determined by viewing the trademark as a whole . . . .") (internal

9

punctuation omitted). Indeed, this is a problem that plagues the entirety of Five A's motion for summary judgment. Even if the evidence were undisputed that "fronto" is a generic term for Jamaican tobacco leaves—and it is not[2]—"Fronto King" would be, at a minimum, descriptive when applied to tobacco leaves, as the generic portion is but one component of the overall mark. *See Ewe Grp.*, 54 F. Supp. 3d at 1349 (holding that the mark "Sweet Hut," when applied to Asian bakery, was suggestive).

The strength of the "Fronto King" mark is further enhanced by the fact that the PTO declared the mark incontestable in January 2015. *Frehling Enters.*, 192 F.3d at 1336; *see also Dieter v. B&H Indus. of Sw. Fla., Inc.*, 880 F.2d 322, 329 (11th Cir. 1989) (holding that an incontestable mark "is presumed to be at least descriptive with secondary meaning"). Thus, the Court concludes that Fronto King's

---

[2] Both parties rely on declaration testimony regarding the meaning of "fronto." According to Five A's owner, Ayaz Ali, fronto refers generally to "tobacco leaf with an origin in Jamaica." [51-2] at ¶ 5; [51-3] at ¶ 10–11. But Fronto King employee Sacoyia Shanay Johnson, who declares that she is "familiar with Jamaican dialect," testifies in her declaration that fronto does not refer to Jamaican tobacco but rather "is slang for something that is of good quality." [52-2] at ¶¶ 1–2; [52-3] at ¶¶ 9–10. The evidence is therefore disputed about the meaning of this term.

marks are at least descriptive, if not suggestive, when applied to the product at issue and therefore entitled to some enhanced protection for purposes of analyzing the likelihood of confusion.

The second factor relevant to a likelihood-of-confusion analysis is the similarity of the marks at issue. *Aronowitz*, 513 F.3d at 1239. The parties' marks are similar, but by no means identical. Both incorporate the word "fronto" and a second, monosyllabic word, although fronto precedes the additional word in one mark and follows it in the other. Fronto King's packaging uses stylized, sentence-case text that is larger than the Roman, capitalized typeface used in connection with the Pure Fronto logo. Both packages display a crown, but whereas the crown is the dominant feature of the Fronto King package, the dominant logo on Pure Fronto's package is a lion that is wearing a crown. Fronto King's packaging is gold and black; Pure Fronto's is predominantly brown with a yellow/gold graphic design. In sum, considering "the overall impressions" created by the marks, "including the sound, appearance, and manner in which they are used," *Frehling*, 192 F.3d at 1337, the

11

marks are similar enough that this factor weighs in favor of a likelihood of confusion, although only slightly so.

The similarity of the products represented by the marks, on the other hand, weighs decidedly in favor of finding a likelihood of confusion. *See Aronowitz*, 513 F.3d at 1239 (third factor looks to similarity of the products). It is undisputed that the products sold by the parties are virtually identical—packages containing large tobacco leaves.

The final four factors relevant to the existence of a likelihood of confusion are "(4) similarity of the parties' retail outlets and customers; (5) similarity of advertising media; (6) defendant's intent; and (7) actual confusion." *Aronowitz*, 513 F.3d at 1239. The Court finds that these factors are equivocal at best and do not counterbalance the relative strength of Fronto King's marks and the fact that the second and third factors indicate that a likelihood of confusion exists between the marks.

With respect to the parties' distribution channels, there is no dispute that Five A is a wholesaler of many products, including tobacco, and that it generally sells products to gas stations, convenience stores,

and other customers. But there is no evidence before the Court about its actual sales practices with respect to Pure Fronto.[3] Similarly, the record is silent as to what advertising media are employed by either party in connection with their products, making it impossible for the Court to analyze the fifth factor.

Five A contends that its "obvious" intent in using the word "fronto" in its name is to tell its "consumers and customers that it is selling Jamaican tobacco leaves." As noted above, Five A fails to analyze the marks in their entirety, focusing only on the single word "fronto," the meaning of which is in dispute. The sixth factor therefore does not support Five A's position.

Finally, the last and most important factor looks to evidence of actual confusion. *See Fla. In'tl Univ. Bd. of Trs. v. Fla. Nat'l Univ., Inc.*, 91 F. Supp. 3d 1265, 1282 (S.D. Fla. 2015) ("[E]vidence of actual

---

[3] Fronto King contends in its statement of facts that "Five A . . . sells and distributes or sold and distributed the infringing brand, PURE FRONTO, through the same channels Five A . . . used to sell Fronto King's products." [52-2] at ¶ 3. Although Five A never responded to Fronto King's statement of facts, the Court must ensure that those facts are properly supported by the record before deeming them admitted. *Reese*, 527 F.3d at 1268–69. The deposition testimony of Ayaz Ali cited by Fronto King does not mandate the inference that Fronto King relies upon it for.

confusion—though not necessary to a finding of likelihood of confusion—is the best evidence of the likelihood of confusion . . . ."). Five A's argument about this factor fails to actually address the existence *vel non* of customer confusion, again analyzes only the word "fronto" and not the marks as a whole, and relies on facts that are very much in dispute, such as the meaning of the word "fronto." Consequently, this factor too supports denying Five A's motion for summary judgment.

In conclusion, the Court concludes that Fronto King's marks are entitled to some enhanced protection, and all of the factors relevant to the existence of a likelihood of confusion either support finding such a likelihood exists or are equivocal. Five A's motion for summary judgment on count one of Fronto King's complaint will therefore be denied.

### B. False Designation of Origin and Unfair Competition Under § 1125

Lastly, Five A has moved for summary judgment on Fronto King's claim for false designation of origin under 15 U.S.C. § 1125. The only argument put forth by Five A in support of this aspect of the motion is that Fronto King's mark is not distinctive. Yet Five A does not offer any

legal analysis of what it means to be distinctive, and as discussed above *ad nauseam*, the factual predicate of Five A's argument—that "fronto" is a generic term for Jamaican tobacco leaf—is disputed. Therefore, despite Fronto King's failure to meaningfully address this claim in its response brief, the Court will deny Five A's motion as to this claim because it finds Five A has failed to carry its initial burden at summary judgment. *See Four Parcels of Real Prop.*, 941 F.2d at 1438.

### III. Conclusion and Referral to Mediation

For the foregoing reasons, Five A's amended motion for summary judgment [51] is granted in part and denied in part. The motion is denied as to counts one and two, and it is granted as to counts three and four but only insofar as those claims are based on conduct occurring after June 3, 2015.

The Court orders Fronto King and Five A to mediate this case, either privately (with the costs of mediation split evenly between the two parties unless they mutually agree otherwise) or with a magistrate judge of this Court (at no charge to the parties). Counsel shall notify chambers by Monday, October 24, 2016 if they desire to mediate with a

magistrate judge. The Clerk is directed to administratively close this case pending the outcome of mediation. If mediation is successful, the parties shall move to reopen the case for the purpose of filing a dismissal of the claims against Five A and a motion for default judgment (if such is desired) against Defendant New Generation Imports, LLC. If mediation is unsuccessful, the parties shall file a motion to reopen the case that is accompanied by a consolidated pretrial order.[4]

IT IS SO ORDERED this 14th day of October, 2016.

_____
Timothy C. Batten, Sr.
United States District Judge

---

[4] Administratively closing a case is a docket-control device used by the Court for statistical purposes. This Order will not prejudice the rights of the parties to this litigation in any manner.